Pinson *v.* State.

Opinion delivered July 12, 1909.

Burglary—entry into open house.—Under Kirby's Digest, § 1603, providing that "burglary is the unlawful entering a house in the night time with the intent to commit a felony," one who at night enters a saloon open for business during business hours, and without fraud or deception practiced on the owner in making the entry, will be guilty of burglary if he enters with purpose formed before or at the time of entry to commit a felony.

Appeal from Sebastian Circuit Court, Fort Smith District, *Daniel Hon,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was convicted on an indictment which charged that he "on the 23rd day of February, 1909, about the hour of two o'clock in the night time of said day, unlawfully, feloniously, and burglariously, and with force did enter the store house of J. D. Broyles, with the intent then and there to commit a felony, towit: grand larceny of the goods and property of J. D. Broyles." There was testimony tending to prove that appellant in company with two others went into the saloon of Broyles

after midnight on the night alleged, and that appellant called the bartender to the cigar stand and engaged him in conversation. In the meantime the other two parties who entered the saloon with appellant went behind the screen or partition where there was whisky and stole same. Eleven quarts of rye whisky were stolen from the saloon that night. Without going into detail, it is sufficient to state that the evidence tended to prove that there was a conspiracy between appellant and others who entered the saloon with him on the night alleged to steal the whisky, and that they did steal whisky on that night which had a market value in Fort Smith of over ten dollars.

There was evidence to warrant a finding that appellant intended when he entered the saloon to steal the whisky. The court instructed the jury as follows, by reading sections 1603 and 1604 of Kirby's Digest and then declaring the law to be:

"1. To constitute burglary, a house or other building must be broken into or entered in the night time with the intent to commit a felony; but one who enters or breaks into a house in the night time with the intent to steal more than ten dollars worth of goods or other personal property is guilty of burglary, whether he steals that amount or not, if it is his intention in entering to steal more than ten dollars in value. If, after entering the store, he formed the intent to steal, and did steal more than ten dollars in value, he would not be guilty of burglary. The intent must have existed before or at the time of entering.

"2. If the jury find from the evidence, beyond a reasonable doubt, that the defendant, in the Fort Smith District of Sebastian County, within three years next before March 4, 1909, the date of the indictment, unlawfully entered the store house of J. D. Broyles in the night time, either by himself or with other persons, with the intent to commit grand larceny of the goods or personal property of J. D. Broyles to steal from his store goods or other personal property of more than the value of ten dollars, you will find the defendant guilty.

"3. If the business house and goods therein were in the possession of J. D. Broyles, and held and controlled by him, he would be held under the law to be the owner of the same.

"4. You are instructed that the market value of an article is the price for which it would sell in the regular way where

one person desires to sell, and another person desires to buy and has the means or ability with which to pay. No isolated sale is the market value of an article, but it is what it would sell for on the market in the regular way."

The appellant objected to each of these instructions, and duly excepted to the ruling of the court in giving them.

Appellant asked the court to instruct the jury as follows:

"1. Gentlemen of the jury: You are instructed to acquit the defendant, the State having failed to make out a case against him.

"2. You are instructed that, though the defendant entered the saloon in the night time, the said saloon being open during business hours, lights burning, bartender or bartenders on duty, and the business running in the regular way, the defendant entering at the regular door, as did other customers, that, under those conditions, the crime of taking goods therefrom could not, as a matter of law, amount to burglary, and you should acquit the defendant.

"3. If you find that the defendant did break and enter or did enter the said saloon as charged with the intent to commit the crime of petit larceny only, he is not guilty of burglary, and you are instructed to acquit him.

"4. The defendant pleads former conviction of petit larceny upon the identical facts as taken to establish this charge, and you are therefore instructed that if that plea is established you cannot convict the defendant upon any degree of larceny.

"6. If you fail to find from the evidence that the defendant, prior to entering the saloon, formed an intent to commit a felony therein, he is not guilty of burglary, and your verdict should be acquittal.

"7. One of the elements of burglary, under our statute, is an unlawful entry; and if you find from the evidence that said saloon was open, and the defendant entered during business hours in the regular way, the lights burning, and the bartender present, the business running in the usual course, as a matter of law, the defendant entered by invitation, and is not guilty of burglary, and you should acquit him.

"8. You are instructed, as a matter of law, the presumption is in favor of innocence, and the burden to establish a felonious

intent is upon the State; and if such an intent is not clearly proved beyond a reasonable doubt, you should find for the defendant.

"10. If you find from the evidence that there were other cases of liquor besides the one taken and carried away, to which the defendant had access and which he refused to take, this is to be regarded as evidence in his favor.

"11. Each juror should feel the responsibility resting upon him as a member of the body, and realize that his own mind must be convinced of the guilt of the defendant beyond a reasonable doubt before he can consent to a verdict of guilty; and if any one of the jury, after having considered all the evidence, and after having consulted with his fellow jurors, entertain such reasonable doubt, you can not in such case find the defendant guilty.

"12. If the business house and goods therein were in the exclusive possession of J. D. Broyles and held and controlled by him, he would be held, under the law, to be the owner of the same.

"13. Unlawful entering, as employed in our statutes, in the definition of burglary, signifies the violation of some prohibitory law."

Of these the court gave 3 and 6, but refused the other. The court modified prayers numbered 7 and 8 and gave them as modified as follows:

"No. 7. One of the elements of burglary, under our statute, is an unlawful entry; and if you find from the evidence that the said saloon was open, and the defendant entered during business hours in the regular way, the lights burning and the bartender present, the business running in the usual course, as a matter of law, the defendant entered by invitation, and is not guilty of burglary, and you should acquit him unless you find that at the time of entering he did so with the intent to commit grand larceny, to steal from the store house goods of the value of more than ten dollars.

"No. 8. You are instructed as a matter of law, the presumption is in favor of innocence, and burden to establish a felonious intent is upon the State; and if such intent is not established from the evidence, the jury should acquit."

Appellant objected to the rulings of the court in refusing its prayers and to the giving of prayers 7 and 8 as modified and duly excepted to the rulings.

Appellant in his motion for new trial assigned as error the various rulings to which he had saved exceptions. His motion was overruled, and he duly prosecuted this appeal.

*J. D. Chastain*, for appellant.

There is wanting in this case the element of unlawful entry necessary to constitute burglary, and even the element of common trespass. On the contrary, entering as he did through the open door along with other customers during business hours, he came by invitation, and no burglary is shown. 37 S. W. 438; 59 S. W. 888; 12 N. H. 42; 25 Va. 919; 73 Ark. 32; 42 Ark. 73; 6 Cyc. 209, 215.

*Hal L. Norwood*, Attorney General, and *C. A. Cunningham*, Assistant, for appellee.

1. It was entirely proper for the court to refuse appellant's requested peremptory instruction, since unquestionably there was a question of fact for the jury to determine, namely, whether appellant along with others entered the saloon with intent to steal. 63 Ark. 94; 66 Ark. 362; 70 Ark. 74; 71 Ark. 305; 71 Ark. 445; 73 Ark. 566; 77 Ark. 556; 82 Ark. 86; 83 Ark. 246; 84 Ark. 57; *Id.* 620; 87 Ark. 70.

2. That the crime of burglary may be committed in entering a store house, saloon or other place of business during business hours is plain under our statute. Kirby's Dig. §§ 1603, 1604, 1605. California with a statute almost identical so holds. 142 Cal. 8; 144 Cal. 748. On the question of intent at the time of the entry, the rule is that the motives of the accused will be judged by the circumstances and such proof as is to be had. 11 Current Law, 490 and note.

WOOD, J. (after stating the facts.) It is unnecessary to discuss *seriatim* the objections of appellant to the rulings of the court. It suffices to say we find no reversible error in any of them. The most important question in the case, as conceded by appellant's counsel, is whether one who enters a store house, occupied as a saloon, in the night time, with intent formed in his mind before or at the very time he enters to commit a felony,

can be guilty of burglary where the house he enters is open for business, and the entry is through the open door during business hours, and without any apparent fraud or deception practiced on the owner in making the entry. The sections of our statute pertinent to the inquiry are as follows: Sec. 1603. "Burglary is the unlawful entering a house, tenement, railway car or other building, boat, vessel or water craft in the night time, with the intent to commit a felony." Sec. 1604. "The manner of breaking or entering is not material, further than it may show the intent of the offender." Sec. 1605, Kirby's Digest provides: "If any person shall, in the night time, wilfully and maliciously, and with force, break or enter any house, tenement, boat or other vessel, or building, although not specifically named herein, with the intent to commit any felony whatever, he shall be deemed guilty of burglary."

At the common law burglary was the unlawful breaking and entering in the night of another's dwelling with intent to commit a felony therein. 1 Bish. New Cr. Law, § 559; Russell on Crimes, p. 785. As will be seen, our statute, while retaining the elements of common law burglary, has also greatly enlarged upon these, so that, under the statute *supra,* the unlawful entering, without breaking, of the house, etc., in the night time with the intent to commit a felony is burglary. The unlawful entering, in the sense of the statute, is going into the house, etc., with the intention formed in the mind at the time the entry is made to commit a felony. No one has the right to enter upon the premises of another with the intent at the time he does so to commit a felony. No one is invited or has permission to do any such thing as that. A saloon keeper even extends to the public no such invitation as that, and one who enters a saloon with the predetermined purpose to commit some felony therein, whether by day or night, goes there *in invitum,* and, were such purpose known to the owner beforehand, he could prevent such person from entering his place of business. Therefore one who enters with such evil design perpetrates a fraud and deception upon the owner, for the owner invites only those who come for lawful purpose. Section 459 of the Penal Code of California provides: "Every person who enters any house, room, store * * * with intent to comit grand or petit larceny,

or any felony, is guilty of burglary." In *People* v. *Barry*, 94 Cal. 481, the Supreme Court, construing the section, says: "As to the acts which shall constitute burglary, that is a matter left entirely to the policy of the Legislature, within its constitutional powers; and when that body has said that every person who enters a store with the intent to commit a larceny is guilty of burglary, the language is so plain and simple that rules of statutory construction are not required to be consulted; the meaning is patent upon the face of the statute. No words are found in the statute qualifying the character, kind, time, or manner of entry, save that such entry must be accompanied with certain intent; and it would be judicial legislation for this court to interpolate other conditions into the section of the code." The court then proceeds to reason upon facts which showed that one had entered a grocery store during business hours, and had attempted to commit larceny, and concludes that the entry was unlawful, saying: "He is not one of the public invited, nor is he entitled to enter. Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished." The court adds: "If the presence of such party in the store is lawful, the fact that he gained ingress openly and publicly through the front door, rather than clandestinely by way of the skylight or the cellar, is not material, and the result would be that no burglary could be committed in a store during business hours, regardless of the nature of the entry." We adopt the reasoning of this case. See also *People* v. *Brittain*, 142 Cal. 8, and cases cited. Of course, in States where the common law rule prevails requiring both the breaking and entry to constitute burglary, decisions based upon such rule could not be authority for construing a statute where the unlawful entry without breaking is sufficient. Such are *State* v. *Newbegin*, 25 Me. 502, and *Clark* v. *Com.*, 25 Gratt. 908.

The case of *State* v. *Moore*, 12 N. H. 42, is more nearly in point. But, as pointed out by the Supreme Court of California, speaking of *State* v. *Moore*, 12 N. H. 42: "The primary question involved" in the latter case "was as to the sufficiency of the evidence to show a criminal intent in entering the building, and did not reach the matter as to the character of the entry."

We can readily see that there may be great difficulty oftentimes in proving that the entry was with the felonious intent

at the time of such entry to commit a felony. But that is no reason for saying that a party who enters during business hours through the open door in the regular way could not be guilty of an unlawful entry, and thus practically annul the statute. That is matter for the Legislature. As the law now stands, where the unlawful entry is shown, or where the evidence in each particular case as it may arise is sufficient to warrant the jury in finding that there was an unlawful entry, as it does in this case, it must be held, other conditions prescribed existing, that the party so entering is guilty of burglary.

There is no error for which to reverse the judgment, and it is affirmed.