**People of the State of Illinois, Plaintiff-Appellee, v. George W. Schneller, Defendant-Appellant.**

Gen. No. 50,387.

First District, Fourth Division.

February 18, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Stuart P. Shapiro, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

The defendant, George W. Schneller, was found guilty of burglary after a bench trial and was sentenced to the penitentiary for a term of not less than one nor more than four years. In this appeal defendant contends that he was not proven guilty beyond a reasonable doubt of the crime of burglary as charged in the indictment.

Officer Robert Hanson testified that on March 13, 1964, at approximately 7:30 p. m. he proceeded to the Chicago Historical Society pursuant to a radio assignment notifying him that the ADT electric alarm system was sounding, and that other officers arrived shortly thereafter; that upon investigation he found the doors secured but he noticed a door at the north end of the building open and close; that men from the ADT system arrived and opened the door; and that they entered with police dogs and found the defendant near a snowplow and a mimeograph machine. The officer further testified that a showcase had been pried open and a small white shirt type button was on the floor; that two buttons were missing from defendant's shirt; that they found a screwdriver, some long-nosed pliers, sunglasses and a handkerchief; and that near the door they found an automatic pistol and flashlight; and that the aforesaid tools were found in a room which contained machinery or large equipment, not small tools.

Paul Angle, director of the museum, testified as to the condition of the showcase and also identified some guns which were found in a bag and on the floor as those which were formerly in the showcase.

Edward Stashinski, an employee of the museum, testified as to his encounter with the defendant on March 11 (two days before the occurrence in question) at about 4:35 p. m. (which was after the second bell had rung as notice to visitors to leave the building) in the basement work area of the museum which the public is not allowed to enter. He stated that some people stray from the public portion of the museum to that portion which is not public but only during working hours, whereas his encounter with defendant was after working hours; that in his three and one-half years of employment at the museum no one, to his knowledge, has ever wandered into this particular area; and that:

> [I]t is a work area where there are prized possessions where we do not allow people, and have posted the doorways and stairwells to this specifically, so in this case it is not just a question of slipping off out of the exhibit area as through an open door to see what is beyond the door, it is a case of coming down into the bowels of the building and so to see what is there, so this is not what they usually do, to come down the stairwell to do this.

Defendant testified in his own behalf and denied that he entered with the aforementioned tools. He stated that he visited the museum on March 13 at about 3:45 p. m.; that as he entered the main corridor he noticed a man and woman arguing; that he went to the woman's defense and was struck by the man; and that he could remember nothing thereafter until placed in police custody (at about 7:30 p. m.).

Under prior law (Ill Rev Stats 1959, c 38, § 84) the crime of burglary was complete when one entered "willfully and maliciously" with intent to commit a felony. In People v. Kelley, 274 Ill 556, 113 NE 926, the defendant was convicted of burglary under that statute after he entered a store when it was open to the public and allegedly

took money from a customer. In reversing the conviction the Supreme Court stated at page 558 that:

> The intent is an essential element of the crime of burglary and must be proved beyond a reasonable doubt. There is no evidence as to the intent with which the defendant entered the store, unless it is found in his conduct after entering. . . . He may have taken advantage of the opportunity to commit larceny, but his presence in the store is as consistent with his innocence as with his guilt of the criminal intent at the time of his entry.

It can be inferred that if the prosecution in that case had shown the requisite intent at the time of defendant's entry into the store it would have been considered a burglary. It was of no consequence under that statute whether the entry was with or without authority.

However, under section 19–1(a) of the Criminal Code of 1961 (Ill Rev Stats 1963, c 38 § 19–1(a)) the crime of burglary is complete when a person knowingly enters into or remains within a building "without authority" with the intent to commit a felony or theft.[1] The State, electing to indict the defendant for "knowingly entering without authority" instead of "remaining without authority," contends that whoever enters a building with the intent to commit a felony ipso facto enters without authority. The term "without authority" found in the present statute was substituted for the words "willfully and maliciously" under the prior law (Ill Rev Stats 1959, c 38, § 84), but the comments of the drafters with respect to the present burglary statute state that it is "merely a codification of the existing law in Illinois, combining the unlawful entry of various types of spaces prohibited by

---

[1] Section 19–1(a) provides:

A person commits burglary when without authority he knowingly enters into, or without authority remains within a building . . . or any part thereof, with intent to commit therein a felony or theft.

Section 84 with the burglar found in building prohibition of Section 86 [referring to Ill Rev Stats 1959, ch 38, §§ 84, 86]." In Pinson v. State, 91 Ark 434, 121 SW 751, the applicable statute defined burglary as the "unlawful entry" of specified areas with the intent to commit a felony. The court held that the entry of the defendant into a saloon during business hours was "unlawful" where he entered with the intent to steal whiskey since, although the saloon was open to the public, a party who enters with the intent to commit a felony enters without an invitation. The court, quoting with approval from People v. Barry, 94 Cal 481, stated at page 753, 29 P 1026, that:

> He is not one of the public invited, nor is he entitled to enter. Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished.

■ The authority which clothes an invitee who enters a public museum is not unlimited because the invitation itself is not unlimited. The opening of a museum's doors to the public is an invitation to enter for the lawful purpose of viewing the exhibits on display. The authority of one who accepts such invitation is necessarily coincident with the terms of the offer, and it would be contrary to reason and ordinary human understanding to deduce that the welcome extended under those circumstances includes authority to enter for any different purpose, especially one which is unlawful or criminal. We therefore hold that the entry into an establishment which is open to the public, with the intent to commit a felony or theft, is without authority.

■ In a bench trial it is the function of the trial court to determine the credibility of the witnesses and the weight to be afforded their testimony. People v. Clark, 30 Ill2d 216, 195 NE2d 631. A reviewing court will not substitute its opinion for that of the trier of fact

54

unless the proof is so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. People v. Stewart, 62 Ill App2d 428, 211 NE2d 154. In the instant case, the presence of a screwdriver, pliers, a flashlight and an automatic pistol, the circumstances surrounding the defendant's arrest and his conduct only two days prior to his arrest constitute sufficient evidence to justify the finding of the trial court that defendant entered the museum with the intent to commit a theft. Therefore the decision of the trial court is affirmed.

Affirmed.

ENGLISH and McCORMICK, JJ., concur.