114 N.J. Super. 153 (1971)
275 A.2d 446
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH FRANCIS VASSALLUZZO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Supplemental Opinion decided March 11, 1971.
*154 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Harry A. Goldenberg, assigned attorney, argued the cause for appellant.
Mr. Solomon Forman, First Assistant Prosecutor, argued the cause for respondent (Mr. Robert N. McAllister, Jr., Atlantic County Prosecutor, attorney; Mr. Ernest M. Curtis, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by MOUNTAIN, J.A.D.
This is intended to supplement our earlier opinion in this case, State v. Vassalluzzo, 113 N.J. Super. 140 (App. Div. 1971).
Defendant points out in a letter to the court that the prior opinion did not cover all issues raised on the appeal. Although this is true, there were no issues raised which were not fully and carefully considered. In view of defendant's inquiry, however, we add the further comment set forth below.
Defendant's first point is that the trial court lacked a proper presentence report. We note the affidavits supporting this contention that were filed with the court. We find no inadequacy in this respect. There is no requirement *155 that the Probation Department exhaust all possible sources of information in the preparation of its report.
In defendant's reply brief he challenges the severity of the sentence imposed. We in our earlier opinion concluded that the sentence was "neither manifestly excessive nor unduly punitive and seems fittingly responsive to the crime." (113 N.J. Super. at 143) See State v. Hicks, 54 N.J. 390, 391 (1969).
Defendant's allegations of police brutality and of failure to be advised of his rights are similarly groundless due to the lack of any evidence supporting these contentions. Additionally it is urged that an illegal grand jury indicted defendant. In the absence of supporting evidence, this contention is also without substance on appeal.
Next it is contended that defendant was without the effective assistance of counsel at trial. This claim is again without foundation. The record does not disclose such incompetence as "to thwart the fundamental guaranty of a fair trial," State v. Dennis, 43 N.J. 418 (1964) or "to make the trial a farce or mockery of justice." State v. Woodard, 102 N.J. Super. 419, 429 (App. Div. 1968).
It is further argued that there was an excessive lapse of time between conviction and sentence. The delay here is not of the magnitude contemplated by the proscription in R. 3:21-4(a) of "unreasonable delay."
Finally, it is assigned as error that the trial court denied a motion to reduce sentence. What has been said above disposes of this argument.
In summary, we have carefully examined the trial record and all briefs submitted and have concluded that there is no reversible error.