**UNITED STATES of America**

*v.*

**Edward T. WIMBUSH, Appellant.**

**No. 72–1136.**

United States Court of Appeals,
District of Columbia Circuit.

Jan. 11, 1973.

As Amended Jan. 23, 1973.

Mr. Donald J. Mulvihill, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., Messrs. John A. Terry, Philip Kellogg and Robert Alan Jones, Asst. U. S. Attys., were on the brief for appellee.

Before Mr. Justice TOM CLARK * of the Supreme Court of the United States, and WRIGHT and WILKEY, Circuit Judges.

PER CURIAM:

We originally unanimously decided this case by a simple Order affirming the judgment of the District Court without opinion under Local Rule 13(c). The two points raised in Appellant's Brief and Reply Brief were given careful consideration, the court entertained no doubt as to the correctness of the result reached, and the court had no inclination to expend judicial energies in digging other furrows in well-ploughed fields of law.

Nor did appellant's vigorous plea for oral argument alter our view that this was a case which could and should be disposed of on briefs.

Now comes the appellant with a "Petition for Rehearing and Suggestion for Rehearing in Banc," based not on any point raised in his original Brief, but by a motion calling our attention to two recent decisions of this court.

Appellant Wimbush was here convicted of (1) assault with intent to kill while armed with a dangerous weapon (22 D.C.Code § 502)—for which he was sentenced to serve three to nine years; (2) assault with a dangerous weapon (22 D.C.Code § 502)—for which he received a two to six-year sentence; and (3) carrying a pistol without a license (22 D.C.Code § 3204)—for which he received one year. *All sentences are to be served concurrently.*

Appellant now relies on United States v. Hill, 152 U.S.App.D.C. 213, 470 F.2d 361 (1972), and United States v. Benn and Hunt, 155 U.S.App.D.C. ——, 476 F. 2d 1127 (1972), in each of which a conviction for a lesser included offense was vacated. Appellant particularly cites us to footnote 22 in *Benn*, which cites the vacation of the lesser included offense conviction in *Hill* as precedent for the same action in *Benn*.

Appellant asks that the judgment of conviction be reversed, or alternatively that the conviction for assault with a dangerous weapon be vacated. This was a particularly vicious crime. While couched in advocate's phraseology, the Government's opening statement is supported by the record:

Appellant shot a 5-foot 4-inches tall, 138-lb. 19 year-old youth, who was armed with only a chicken sandwich, at least four times with a .38 caliber revolver. One or more of the shots were fired into the victim's back as he tried to escape. Appellant claimed self-defense . . ..

To avoid any confusion in our precedents, we here take the same action as in United States v. Benn, order the conviction for assault with a dangerous weapon vacated (for which appellant received a 2–6 year sentence). Also as in *Benn*, in accordance with footnote 24 (not cited by appellant), in the circumstances of this case

We do not find it necessary to remand these cases to the District Court for resentencing on the greater offense. The cases in which we have followed such a procedure have involved convictions under the Federal Bank Robbery Act, 18 U.S.C. § 2113, hence been governed by Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). United States v. Parker, 143 U.S.App.D.C. 57, 442 F.2d 779 (1971); Bryant v. Unit-

* Sitting by designation pursuant to Title 23, U.S.C. § 294(a).

ed States, 135 U.S.App.D.C. 138, 417 F.2d 555 (1969).

We affirm the conviction of assault with intent to kill while armed with a dangerous weapon (22 D.C.Code § 502) and the three to nine year sentence imposed therefor, and affirm the conviction for carrying a pistol without a license (22 D.C.Code § 3204) and the one-year sentence imposed therefor, the two sentences to run concurrently as the District Court ordered.

So ordered.