**UNITED STATES of America**
**v.**
**Sylvester KEARNEY, Jr., Appellant.**
**No. 73–1288.**

United States Court of Appeals,
District of Columbia Circuit.

May 17, 1974.

---

1. *See* Southern Steamship Co. v. Labor Board, 316 U.S. 31, 62 S.Ct. 886, 86 L.Ed. 1246 (1942).

Tom M. Schaumberg, Washington, D. C. (appointed by this court), was on the brief for appellant.

Harold H. Titus, Jr., U. ,S. Atty. at the time the brief was filed, John A. Terry and Warren L. Miller, Asst. U. S. Attys., were on the brief for appellee. Brian W. Shaughnessy, Asst. U. S. Atty., entered an appearance for appellee.

Before WRIGHT and MacKINNON, Circuit Judges, and DAVIES,* United States Senior District Judge for the District of North Dakota.

MacKINNON, Circuit Judge:

The principal point raised by appellant relates to his conviction for first degree burglary while armed, D.C. Code §§ 22–1801(a),[1] 22–3202, for which

---

* Sitting by designation pursuant to 28 U. S.C. § 294(d).

1. See p. 63 *infra*.

he was sentenced to imprisonment for two to ten years. Even though he raised an alibi defense at trial, on this appeal he does not contest his convictions on three armed robbery counts, D. C.Code §§ 22–2901, 22–3202,[2] for which he was also sentenced to imprisonment for two to ten years on each count. Since all of these sentences were adjudged to run concurrently the term of imprisonment to which appellant has been sentenced will not be reduced even if his appeal were upheld. His predicament may be further complicated by a subsequent indictment charging him with (1) armed robbery and (2) assault with intent to kill. These additional charges arose out of a crime committed in the District of Columbia while appellant was released on bond following his arrest on the instant charges (Tr. 236).

After thorough consideration of all points raised by appellant, we find them to be without merit, and affirm all the convictions, except those for assault with a dangerous weapon, which we routinely vacate as lesser included offenses where there has also been convictions of the greater offenses of armed robbery.[3]

Appellant's precise claim on this appeal is that the trial judge erred in denying the defendant's motion for a directed verdict of acquittal with respect to the burglary count, and in failing to instruct the jury that to convict it must find that there was an unlawful entry against the will of the occupants as defined by D.C.Code § 22–3102. Otherwise stated, appellant contends that if the occupants of a dwelling give express permission for a person to enter that such permission constitutes a defense to the crime of first degree burglary as defined by statute of the District of Columbia.[4]

## I

Can the crime of burglary in the first degree be committed in the District of Columbia when the occupants consent to the entry?

■■ The common law crime of burglary no longer exists in the District of Columbia. It has been replaced by a statutory crime, denominated first degree burglary, which is defined as follows:

> Whoever shall, either in the nighttime or in the daytime, break and enter, or enter without breaking, any dwelling, or room used as a sleeping apartment in any building, with intent to break and carry away any part thereof, or any fixture, or other thing attached to or connected thereto or to commit any criminal offense, shall, if any person is in any part of such dwelling or sleeping apartment at the time of such breaking and entering, or entering without breaking, be guilty of burglary in the first degree. Burglary in the first degree shall be punished by imprisonment for not less than five years nor more than thirty years.

D.C.Code § 22–1801(a) (1973) (81 Stat. 736–737). The operative words of this statute, so far as this case is concerned, provide:

> Whoever shall . . . enter without breaking, any dwelling, or room used as a sleeping apartment . . . with intent . . . to commit any criminal offense, shall . . . be guilty of burglary in the first degree. . . .

---

2. As to the three additional convictions for assault with a dangerous weapon, D.C.Code § 22–502, we have held, subsequent to appellant's trial, that such offenses, as here charged, are lesser included offenses, of the armed robbery offenses. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973). We will accordingly order that the convictions on counts five, eight and eleven be vacated. Since concurrent sentences of one to three years' imprisonment

were imposed on each of such offenses, and such sentences were also adjudged to run concurrently with the burglary and armed robbery convictions, no remand for resentencing is considered necessary. United States v. Wimbush, 154 U.S.App.D.C. 236, 475 F.2d 347 (1973).

3. *Id.*

4. Appellant's Br. at i, 9–17, 14.

Thus, under the statute the essential requirement for the offense is that the accused "enter . . . with intent . . . to commit any criminal offense." It is the intent and acts of the accused that the statute makes controlling. There is no language in the statute from which it can be concluded that the entry must be by force or that it must be against the will of the occupant. A plain reading of the unambiguous language of the statute thus indicates that the consent of the occupant to the entry is not a defense to the offense if the stated requirements of the Act are violated. Under statutes such as presently exist in the District of Columbia, which define burglary as an entry without breaking with intent to commit any criminal offense, it is uniformly held that consent to enter is not a defense where one is shown to have entered with the requisite criminal intent.[5] We accordingly see no need to go beyond the plain interpretation of the statute to deny appellant's attack on his conviction.

■ However, to assure that the same points will not be raised again, we point out the erroneous logic in appellant's contentions. Appellant's theory is somewhat novel. He argues basically that, since the offense generally denominated as unlawful entry, D.C.Code § 22–3102,[6] may be a lesser included offense of burglary, all the elements of the lesser offense (which included entry against the will of the occupant) must be proved to sustain a conviction for burglary—a greater offense. We disagree. While unlawful entry might be a lesser included offense of first degree burglary in some factual situations, such as where the accused did "break and enter" and was so charged, it is not necessarily a lesser included offense of every first degree burglary as defined by the District of Columbia statute, e. g., where the accused enters "without breaking." Whether unlawful entry is a lesser included offense or not, with respect to any particular crime that is charged, will depend not solely upon a comparison of the statutory requirements for the respective crimes but also upon an analysis of the facts of the offense as charged in each indictment and as proved at trial. The result may vary depending upon the facts alleged in each indictment, because the statutory requirements allow for committing the crime by various methods. While many first degree burglaries, as charged and proved, might include the lesser included offense of unlawful entry, there is no requirement, statutory or otherwise, that they do so.

■ A plain reading of the first degree burglary statute prohibits, *inter alia*, an entry without breaking with intent to commit any criminal offense, and where such statutory elements are proved, the statute is violated. Neither the unlawful entry statute, nor the forc-

---

5. Annot., 93 A.L.R.2d 548 (1964) and cases cited. *See also* note 9 *infra*.

6. D.C.Code § 22–3102 (1973) provides:
   Any person who, without lawful authority, shall enter, or attempt to enter, any public or private dwelling, building or other property, or part of such dwelling, building or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof

shall be punished by a fine not exceeding $100 or imprisonment in the jail for not more than six months, or both, in the discretion of the court. (Mar. 3, 1901, 31 Stat. 1324, ch. 854, § 824; Mar. 4, 1935, 49 Stat. 37, ch. 23; July 17, 1952, 66 Stat. 766, ch. 941, § 1.)

It is significant that a violation of this statute does not, in all circumstances, require an entry "against the will of the lawful occupant," etc., since it also provides that a criminal offense may be committed if any person "being therein [a dwelling] or thereon, without lawful authority to remain therein or thereon" refuses to leave after demand by the lawful occupant.

ible entry statute, D.C.Code § 22–3101 (1973), engraft any additional elements on the first degree burglary statute. The unlawful entry statute does not purport to amend the burglary statutes and it does not do so by operation of law, either expressly or impliedly. Nor do the requirements of the unlawful entry statute constitute additional elements of every second degree burglary.[7]

We have previously noted that in the District of Columbia "a burglary *can* in rare circumstances be accomplished by means of an entry which is 'permitted,'" United States v. Whitaker, 144 U.S. App.D.C. 344, 349, 447 F.2d 314, 319 (1971), and we have similarly held that burglary can be based on an entry into a *public place* where the requisite intent is proved. United States v. Whitaker, *supra*, 144 U.S.App.D.C. at 346, 447 F.2d at 316; *See* James v. United States, 92 U.S.App.D.C. 275, 204 F.2d 733 (1953).[8] In fact, the weight of authority in the United States holds that consent to enter is not a defense to the charge of burglary even under statutes which require an "unlawful entry," since an entry made with the necessary criminal intent is unlawful or wrongful.[9]

It is thus apparent that since the District of Columbia first degree burglary statute makes it an offense to enter an occupied dwelling with intent to commit a crime therein and that such offense can be committed without a violation of the unlawful entry statute, the entry need not necessarily be against the will of the occupants. The requisite intent is the principal element of the crime of burglary in this district.

## II

The important question here is whether Kearney was proved to possess that criminal intent. To meet its burden on this issue the Government proved that the accused entered the premises armed and disguised as a woman and accompanied by another man who also carried a concealed firearm. They had both obtained consent to their entry into the premises under the pretext that they were looking for another person who was expected to arrive shortly. Nevertheless, shortly after their entry, as soon as some of the occupants started a poker game, played one hand, and some money appeared on the card table, the accused and his companion whipped out their guns, robbed the occupants and fled. On these facts—(1) the disguise and the guns in their possession, both of which

---

7. D.C.Code § 22–1801(b) (1973) defines second degree burglary as follows:

(b) Except as provided in subsection (a) of this section, whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building or any apartment or room, whether at the time occupied or not, or any steamboat, canalboat, vessel, or other watercraft, or railroad car or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose of trade, with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be guilty of burglary in the second degree. Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years. (Mar. 3, 1901, 31 Stat. 1323, ch. 854, § 823; Dec. 27, 1967, Pub.L. 90–226, § 602, title VI, 81 Stat. 736.)

8. Franklin v. United States, 293 A.2d 278 (D.C.Ct.App.1972), is to the same effect.

9. McCreary v. State, 25 Ariz. 1, 212 P. 336 (1923); Walders v. State, 101 Ark. 345, 142 S.W. 511 (1912); Pinson v. State, 91 Ark. 434, 121 S.W. 751 (1909); People v. Deptula, 58 Cal.2d 225, 23 Cal.Rptr. 366, 373 P.2d 430 (1962); People v. Schneller, 69 Ill.App.2d 50, 216 N.E.2d 510 (1966); State v. Baker, 183 Neb. 499, 161 N.W.2d 864 (1968); State v. Vassalluzo, 113 N.J.Super. 140, 273 A.2d 79 (1971); Commonwealth v. Shultz, 168 Pa.Super. 435, 79 A.2d 109, cert. denied, 342 U.S. 842, 72 S.Ct. 71, 96 L.Ed. 636 (1951). *Contra*, Smith v. State, 362 P.2d 1071 (Alaska 1961). *See* Annot., 93 A.L.R.2d 552–554 (1964).

indicated advance planning and necessarily preceded their entry, (2) the facts surrounding their entry which were consistent with a pretextual entry, and (3) the rapidity with which they proceeded to rob the occupants almost as soon as money appeared— there was ample evidence for the jury to find that when appellant entered the apartment he possessed the criminal intent required by the statute.

■ Even if an entry against the will of the occupants was required, the consent that was given to the entry of appellant would be vitiated by the misrepresentation which he indulged in to obtain that consent. In obtaining the consent to enter, the pretense was used that the two men were paying a social visit looking for a person who was expected to arrive shortly. Appellant also concealed his identity by being disguised as a woman and both participants in the crime concealed their guns. They thus obtained consent to enter, and the continued consent to remain, by the use of pretense, subterfuge, misrepresentation and concealment. The occupants were deceived into granting consent. An entry obtained in that manner is not with the will of the occupants.[10] Even with common law larceny, consent is not a defense where the burglar exceeds the scope of the consent.[11] Thus, even if the requirements of the unlawful entry statute were required to be met, they are completely satisfied here.

We thus affirm all the convictions for first degree burglary and armed robbery, and vacate the convictions for assault with a dangerous weapon as charged by counts five, eight and eleven.[12]

Judgment accordingly.

---

10. In fact, in those states that require a "breaking" for burglary, when entry is effected under the pretense of having business with the occupant or of paying a social visit, the defendant is deemed to have committed a breaking. 2 Wharton, Criminal Law § 415 (12th ed. 1957).

11. *Id.* § 414.

12. *See* note 2 *supra.*