**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alexander STAVROS,
Defendant-Appellant.**

**No. 78–1304.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1978.
Decided April 24, 1979.

---

Marc Kadish, Chicago, Ill., for defendant-appellant.

John F. Podliska, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and PELL and WOOD, Circuit Judges.

PELL, Circuit Judge.

Alexander Stavros, the defendant-appellant, challenges on appeal this judgment following a bench trial in which he was found guilty on all eight counts of the indictment against him which charged various violations of the so-called wagering provisions of the Internal Revenue Code. The case was submitted on a stipulation of facts in which Stavros admitted that during the charged periods he had engaged in the wagering business, had not registered as required by 26 U.S.C. § 4412, had not paid the special occupational tax as required by 26 U.S.C. § 4411, and had not paid the excise tax as required by 26 U.S.C. § 4401.

Counts One through four related to the period from October 6, 1976, to December 27, 1976, and each charged Stavros with having been engaged in the business of accepting wagers. Count One charged knowing and willful failure to register as required by Section 4412 and to pay the occupational tax as required by Section 4411, all in violation of 26 U.S.C. § 7203.[1] Count Two charged knowing and willful failure to pay the excise tax as required by Section 4401 in violation of 26 U.S.C. § 7203. Count Three charged a failure to pay the occupational tax required by Section 4411 in violation of 26 U.S.C. § 7262.[2] Count Four charged a failure to register as required by Section 4412 in violation of 26 U.S.C. § 7272.[3] Counts Five through Eight

1. Section 7203 provides: :
 Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

2. Section 7262 provides:
 Any person who does any act which makes him liable for special tax under subchapter B of chapter 35 without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000.

3. Section 7272 provides in pertinent part:
 (a) In general.—Any person (other than persons required to register under subtitle E, or persons engaging in a trade or business on which a special tax is imposed by such subtitle) who fails to register with the Secretary as required by this title or by regulations issued thereunder shall be liable to a penalty of $50.

are identical to One through Four in charging in the above sequence except that they relate to the period of September 17, 1975, to November 4, 1975.

The court's judgment suspended imposition of sentence but placed the defendant on probation for a period of one year on each of Counts One, Two, Five, and Six, and sentences to run consecutively; and further adjudged that the defendant pay a fine of $1,000 on each of Counts Three and Seven and of $50 on each of Counts Four and Eight, the fines to be cumulative.

The primary thrust of the appeal before us is concerned with a claim of a valid Fifth Amendment defense. We find, however, that the only issue raised meriting any extended discussion is the assertion regarding the amercement imposed, being that it is multiplicitous. As we view the record there are problems of some difficulty, aspects of which are not raised by Stavros and not adverted to by the Government.

Stavros contends on appeal that Counts One and Three both charge the same activities: failure to pay the occupational tax, which is also true of Counts Five and Seven. He argues therefore that the convictions on Counts One and Five should be vacated and the conviction should be left standing on the remaining counts. We become somewhat lost in his reasoning at this point because he does not seem to contend, on appeal at least, that there is any multiplicity between Counts One and Two and between Counts Five and Six, although this was the multiplicity claimed in the trial court. Also, he does not discuss the significance, if any, of the fact that while Counts One, Three, Five, and Seven do all pertain to the legal requirement of paying the occupational tax, Counts One and Five charge *violations* of 26 U.S.C. § 7203, whereas Counts Three and Seven, as to which in part the multiplicity contentions respectively relate, charge *violations* of 26 U.S.C. § 7262, a different section of the Code. Also, Counts Four and Eight charge a violation of 26 U.S.C. § 7272, a different section than is charged in Counts One and Five, which was a violation of 26 U.S.C. § 7203.

Apparently, in any event, Stavros opted for eliminating two counts, rather than four, on the basis that it was preferable to cut the probation time in half to diminishing the monetary fine.

The problem becomes somewhat more difficult at this point because the particular issue he now relies on is raised for the first time on appeal. In the trial court, Stavros, as indicated above, did file a motion to dismiss for multiplicity of counts but that motion sought a dismissal of Counts Two and Six on the basis that they charged the same violations as One and Five, being of 26 U.S.C. § 7203. This motion was denied by the district court but the problem is made no easier inasmuch as the court in its order of denial found no multiplicity because "each count covers a different time period." This took care of any multiplicity between Counts One and Five because they did involve different time periods. The same is true as to Counts Two and Six. The court, however, did not address the fact that One and Two each did involve the same time period, as did Five and Six. Also the court did not address the fact that while all four of these counts charged a violation of Section 7203, the counts that were charged as being multiplicitous with each other, i. e., One and Two, and Five and Six respectively, were based upon different failures to comply with the legal requirements of the Code: registering and paying the occupational tax in One and Five, and paying the excise tax in Two and Six. These requirements, as we have previously noted, are found in three separate sections of the Code.

Although ordinarily we will not consider errors raised for the first time on appeal, the situation is somewhat different here. If a plain constitutional infirmity in a criminal sentence has come to our attention, we think we should not disregard it. We think there is a problem of that sort here even though not exactly as articulated by the appellant. While double jeopardy as prohibited by the Fifth Amendment is ordinarily thought of in terms of a second trial following either a conviction or acquittal in

a first trial involving the same offense, there are certainly overtones of double jeopardy if a court exceeds its legislative authorization by imposing multiple punishments for the same offense. *See Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

If the same act or transaction violates two distinct statutes, then punishment for violation of both statutes violates the double jeopardy clause unless each offense requires proof of a fact not required by the other. *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); *Blockburger v. United 'States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Mathis*, 579 F.2d 415 (7th Cir. 1978).

█ It follows from the Supreme Court's longstanding test that punishment both for an offense and a lesser included offense violates double jeopardy. By definition, a lesser included offense contains some, but not all of the elements of the greater offense, and has no elements in addition to those of the greater offense. The offenses are therefore the same for the purpose of double jeopardy. *See Brown v. Ohio, supra*, 432 U.S. at 168, 97 S.Ct. 2221.

█ The Government argues on the basis of *United States v. Shaffer*, 291 F.2d 689 (7th Cir. 1961), *cert. denied*, 368 U.S. 915, 82 S.Ct. 192, 7 L.Ed.2d 130 (1961), that the punishment for all of the counts was proper. In *Shaffer* this court held that Section 7262 was not a lesser included offense of Section 7203 because it was possible to violate Section 7203 without violating Section 7262. Although *Shaffer* correctly restates the test for evaluating whether there is a lesser included offense, this conclusion apparently was reached only by examining the language of the two statutes. Section 7203 may be violated in a number of ways, not all of which would also constitute violations of Section 7262. Section 7203 covers numerous forms of willful omissions to comply with the revenue laws, not merely willful failure to pay a tax on wagering. To determine whether the Section 7262 counts

constitute lesser included offenses, however, we do not look to the statutes alone. When a statute can be violated in different ways we must look to the facts alleged in the indictment. *United States v. Kearney*, 162 U.S.App.D.C. 110, 113, 498 F.2d 61, 64 (1974).

Counts One and Five charge the defendant with having engaged in the business of accepting wagers and willfully failing to pay the Section 4411 tax and to register under 4412, in violation of Section 7203. Counts Three and Seven charge the defendant with having engaged in the business of accepting wagers without having paid the Section 4411 tax, in violation of Section 7262. We fail to see how the Government could have proved the elements of the Section 7203 violations in Counts One and Five without having proved the elements of the Section 7262 violations in the corresponding Counts Three and Seven. *See United States v. Goldman*, 352 F.2d 263, 265 (3d Cir. 1965).

█ The Government also argues that Section 7262 is a "different offense" than Section 7203. According to the Government, Section 7262 punishes engaging in the business of accepting wagers without first paying the tax, and Section 7203 merely punishes failure to pay the Section 4411 tax. We need not disagree with the Government that Sections 7203 and 7262 are different "offenses" to decide that their argument does not affect the result under the double jeopardy clause. The determination that there are separate offenses is the beginning, not the conclusion of double jeopardy analysis. *Simpson v. United States*, 435 U.S. 6, 10–11, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). If some possibility exists that the two statutory offenses are the same offense for double jeopardy purposes, we must examine the particular situation to determine whether there is unconstitutional multiple punishment. *Jeffers v. United States*, 432 U.S. 137, 155, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). Our double jeopardy analysis thereupon focuses on the elements of proof necessary to convict the defendant. The difference in statutory phrasing should

not affect the right at issue. Assuming as true the Government's assertion that a defendant can violate Section 7262, but not Section 7203, if he pays the tax after engaging in gambling activities, the result is still the same: the Government cannot prove that the defendant was liable for the Section 4411 tax by virtue of his gambling activities, and willfully failed to pay the tax in violation of Section 7203 without also showing that the defendant engaged in these activities without first paying the tax.

The result under Sections 7203 and 7272 (Counts Four and Eight) is no different: the Government obviously cannot prove willful failure to register without proving failure to register. The Government seems also to make an analogous argument here, on Section 7272, to that noted above in connection with Section 7262, i. e., that they are separate offenses because Section 7272 punishes the act of engaging in a business of wagering without first registering. The gravamen of Section 7272, however, is the failure to register, also included in Counts One and Five.

Another problem could lurk in Counts Four and Eight in that they charge a violation of Section 7272 which speaks not in terms of a "fine," but of a "penalty," which has civil rather than criminal connotations. There seems to have been little consideration given to the status of a statutorily imposed "penalty" when found in the context of other provisions generally of a criminal nature. We will accept, however, on this question, being one on which the parties have given us no guidance, an early case, *United States v. Nash*, 111 F. 525 (W.D.Ky., 1901), in which the court indicated that where a statute forbids certain acts, its violation constitutes a public offense, punishable as such by a criminal prosecution in the courts, notwithstanding the punishment imposed by the statute is denominated a "penalty." We do also note that there have been prosecutions where the violations charged included Section 7272. *See United States v. Kelley*, 395 F.2d 727 (2d Cir. 1968); *United States v. Pizzarello*, 368 F.2d 177 (2d Cir. 1967). The matter here under consideration, however, was not discussed in the opinions.

We have previously noted that the appeal does not include a multiplicity challenge to Counts Two and Six. Even if that had not been so, we think the judgment as to these counts should stand. The counts, while charging a violation of Section 7203, as do Counts One and Five, also clearly charge a distinct offense, which we think equally clearly was intended as such by the Congress, that of failing to pay the excise tax required by Section 4401.

We are not unmindful that at the indictment stage the prosecutor is unaware of how extensive a trial may ultimately be involved, or, indeed, just how the proof may develop. Here, for example, there might have been some uncertainty at the indictment stage as to the quantum of proof which could be mustered on the four counts charging knowing and willful violations, in which case the prosecution could have fallen back on the counts having a less difficult qualification for proof. When the point has been reached, however, that the proof has been determined, as it was here by stipulation, the time might seem ripe for the Government to back off continuing to pursue multiple punishment for the same offenses.

We deem it necessary under the circumstances of this case to hold that the defendant cannot be convicted of both Count One, on the one hand, and Counts Three and Four on the other, and of Count Five, on the one hand, and Counts Seven and Eight on the other.

A final problem, again not raised nor discussed by the parties, has occurred to us. The Government, feeling confident that its case has been proved on the willful and knowing aspects of Counts One and Five, could have requested dismissal of Counts Three, Four, Seven, and Eight. The trial judge could under the statute have suspended sentence and put the defendant on probation not only as to Count One, but also as to Count Five. He could also under the statute in these circumstances have levied a fine in addition. The Government there-

fore conceivably could argue that here the trial judge did nothing more than he could have done any way; he merely put the suspended sentence as the punishment on one count of the offense and the fine on two others of the same offense. Unfortunately that is not what is done and we know of no reason now which would justify an increase in the punishment on the remand which we hereinafter direct. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

 The defendant's other arguments require little discussion. Stavros asserts that his failure to comply with Sections 4401, 4411, and 4412 was based on his belief that compliance violated his privilege against self-incrimination. The defendant argues specifically that Ill.Rev.Stat. ch. 38, § 28–4 requires registration of federal Wagering Occupation Tax Stamps with the county clerk. This argument has no merit. The federal law does not compel compliance with the state law in issue, and any Fifth Amendment challenge should be directed to the state law, not the federal law. Compliance with the federal law does not waive the defendant's Fifth Amendment right because the disclosures required by the federal law are kept confidential and are not available to law enforcement agencies, 26 U.S.C. § 4424, and because the subject of the disclosure is not the same as that involved in the state law.

It scarcely helps Stavros to rely, as he apparently does, on *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). Subsequent to the decision in those case Congress amended the statutes for the very purpose of eliminating their constitutional frailties.

 Finally, the trial record contains no evidence to rebut the Government's showing of willfulness under Counts One, Two, Five, and Six. The defendant asserts that evidence of good faith reliance on his Fifth Amendment privilege, *see Garner v. United States*, 424 U.S. 648, 663 n. 18, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); *United States v. Murdock*, 290 U.S. 389, 397, 54 S.Ct. 223, 78 L.Ed. 381 (1933), was submitted in the form of an affidavit accompanying his motion to dismiss. Because the court had not ruled on the motion at the time of the stipulated bench trial, the defendant argues that the court had a duty to consider the affidavit in considering the willfulness issues presented by the counts in question.

We note initially that this issue is not a question of waiver of the defendant's Fifth Amendment right. *Murdock* merely treated the good faith assertion of the privilege as affecting the mental state required for commission of certain crimes. 290 U.S. at 397, 54 S.Ct. 223. The record shows that the trial court, after accepting the stipulated facts, questioned the defendant's attorney whether he had additional evidence and the defense counsel answered that he had none. The trial record contains no mention to the court of the defendant's intention to raise a *Murdock* theory of defense. Had the defendant wished to rebut the showing of willfulness in the stipulated facts submitted at trial, he should have done so at that time. The trial court was not required to consider on the issue of the defendant's guilt, evidence offered in support of a pretrial motion which was not a part of the stipulated evidentiary facts.

Furthermore, we do not think that the affidavit would have affected the outcome even if it had been offered in evidence at the proper time. The affidavit was conclusory and gave no basis for the defendant's assertion of the privilege from which the court could determine good faith.

We find no other claim of error requiring discussion. In accordance with the discussion in this opinion, we remand the case for further proceedings. The judgment of conviction will stand, of course, as to Counts Two and Six. On remand, however, the Government must elect whether it wishes to leave in effect the convictions on Counts One and Five or those on Counts Three, Four, Seven, and Eight. The Government having elected, the court must then vacate the convictions on the counts not so elected and dismiss as to such counts.

The cause is REMANDED for proceedings consistent with this opinion.