**Robert L. YELDELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 2393.**

Municipal Court of Appeals for the
District of Columbia.

Argued May 25, 1959.

Decided Aug. 6, 1959.

Bruce R. Harrison, Washington, D. C., for appellant.

William J. Cooney, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction for simple assault.[1] The sole error discussed in appellant's brief is the refusal of the trial judge to declare a mistrial when the arresting officer made reference on two occasions to appellant's "parole officer." The circumstances surrounding the alleged error were as follows:

---

1. Code 1951, 22–504.

On cross-examination, defendant's counsel asked the officer whether defendant had not denied that the assault took place. According to the agreed statement of proceedings and evidence, the officer answered:

"Why, yes, he did but the denial took place after the defendant had obtained counsel on the following day in the United States Attorney's Office during a hearing at which the defendant, his counsel, *the defendant's parole officer,* an Assistant United States Attorney * * *" (Emphasis supplied.)

At this point, the witness's answer was interrupted by defendant's counsel. On redirect examination, counsel for the government asked the witness who else was present at the time defendant denied committing the assault. The officer stated that defendant, his counsel, an Assistant United States Attorney, the complainant, the defendant's parole officer, and he were present at the conference. Defense counsel objected, and the court overruled the objection, stating that defense counsel by asking a similar question and interrupting the officer's answer, had "opened the door," and that the government was entitled to have the witness complete his original answer. At the conclusion of the government's case, defendant moved for a judgment of acquittal and for a mistrial. Both motions were overruled. Defendant then testified in his own behalf, denied the offense, and on cross-examination admitted a previous conviction of assault against a member of the police force. In his instruction the trial judge cautioned the jury to consider the prior felony conviction only for the purpose of affecting the credibility of defendant as a witness. The jury returned a verdict of guilty, and this appeal followed.

Defendant urges that the testimony of the police officer was prejudicial and left him no alternative but to testify in his own behalf. He contends that it was error for the trial judge not to declare a mistrial at the close of the government's case. We agree.

The government argues that defendant was not compelled to become a witness against himself, and that any error in the inadvertent reference to defendant's parole officer was cured by the instruction of the trial judge. This is open to question. Since the court's charge is not included in the record, we cannot say that the officer's statement was cured by it. Of course, we have no measuring stick by which to gauge the extent of the harm caused by this statement, or the weight the jury may have given it. It is conceivable that it may have led the jury to assume defendant was at that time on parole for conviction of another offense; otherwise there would have been no necessity for the parole officer's presence.

The officer's answer was not responsive to the question. When he volunteered the information about the parole officer, the court should have cautioned him and immediately instructed the jury to disregard that portion of his answer, or, in the alternative, the judge should have granted defendant's motion for a mistrial.

We thus reach the conclusion that under all the circumstances the answer constituted such prejudicial error as calls for reversal of the judgment.[2] We believe this case is governed by the following language of Chichester Chemical Co. v. United States, 60 App.D.C. 134, 137, 49 F.2d 516, 519: "[I]t is only when it is certain that the error assigned could not have prejudiced the complaining party that the rule —that it is no ground for a reversal—is applicable."

Reversed with instructions to grant a new trial.

2. See Brooks v. District of Columbia, D.C.Mun App.1946, 48 A.2d 339.