**Irene W. MOORE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 2471.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 19, 1959.

Decided Dec. 15, 1959.

---

Chauncey D. Artis, Washington, D. C., for appellant.

Frank Q. Nebeker, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher,

3. See generally, Kandalis v. Paul Pet Construction Company, 1956, 210 Md. 319, 128 A. 2d 345.

Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Irene Moore was convicted of vagrancy [1] by a jury. Of the several errors assigned on her appeal, we reach but one which concerns a comment made by the trial judge. After the case was submitted to the jury and before the rendition of its verdict, the following occurred:

"The jury was instructed and took the case on May 22 [Friday], 1959. The jury was excused to May 25 [Monday], 1959, when it resumed deliberations. During its deliberations the jury informed the Court that it would like to have the following question answered: Does a woman who is married by the fact of her marriage have a lawful means of support? The Court called the jury from the jury room to the box and told it in substance that in the great majority of cases a woman who performed her household and wifely duties and who aided her husband in his pursuit of a lawful occupation was herself lawfully occupied or employed and possessed a visible means of support realized from a lawful occupation or source even though she herself did not actually earn or produce lawful income personally. The Court stated that on the other hand there was no conclusive presumption that a married woman could not be a vagrant, that her right to plead the lawfulness of her status under the Vagrancy Act depended in part upon whether her husband was lawfully employed himself and in part upon her conduct in aiding her husband in the production of his lawful employment, if such existed. During the course of explanation of this premise the Court stated that the jury could well realize from reading in the daily newspaper that some of the world's best *known bums* were married women and that the fact of their marriage did not lend to their behavior a propriety it otherwise would not have.

"At the conclusion, the Judge asked if there were any exceptions or additions and appellant's counsel made none.

"After the jury was excused to resume its deliberations, appellant's counsel made a motion for a mistrial based on the Judge's use of the word 'bum.' The motion was denied.

"The jury returned a verdict of guilty on that date." [Emphasis supplied.] [2]

Appellant contends that the use of the words "known bums" unduly affected the verdict. The government urges that the remark of the judge was merely a *non sequitur* and not directed at appellant; that even if it had been, the word "bum" is a proper synonym for the word "vagrant."

We think the statement, being made just before the verdict, could well have had a prejudicial effect. We conclude that under all the circumstances the remark was not only uncalled-for but not responsive to the question asked by the jury. We cannot say with certainty that it was harmless error, and therefore the doubt must be resolved in appellant's favor.[3]

Reversed with instructions to grant a new trial.

1. Code 1951, 33–416a (Supp. VII).

2. Agreed statement of proceedings and evidence.

3. Yeldell v. United States, D.C.Mun.App. 1959, 153 A.2d 637, 638; Fowel v. Insurance Bldg., Inc., D.C.Mun.App.1943, 32 A.2d 100; Chichester Chemical Co. v. United States, 1931, 60 App.D.C. 134, 137, 49 F.2d 516, 519.