James R. CARTER, Appellant,

v.

UNITED STATES of America, Appellee.

Joe S. FLUDD, Appellant,

v.

UNITED STATES of America, Appellee.

James M. HICKS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 15627–15629.

United States Court of Appeals District of Columbia Circuit.

Argued June 2, 1960.

Decided June 30, 1960.

Mr. John A. Shorter, Jr., Washington, D. C., with whom Mr. Curtis P. Mitchell, Washington, D. C., was on the brief, for appellants. Mr. Marion C. George Jr., Washington, D. C., also entered an appearance for appellants in Nos. 15,627 and 15,628.

Mr. Maurice R. Dunie, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

Appellants, and others not involved in these appeals, were charged with violations of the District of Columbia gambling laws. They were found guilty as charged, sentence was imposed, and these appeals followed.

The principal point raised on appeal is whether it was error for the District Court to refuse to grant a motion for mistrial where, during the course of the

trial, it was brought to the attention of the jury that one of the co-defendants (one of those not involved in these appeals) had pleaded guilty to the felony count of the indictment, § 22–1501, D.C. Code, which jointly charged said co-defendant, appellants herein, and another.

The fact of the co-defendant's plea was brought to the attention of the jury in the course of defense counsel's cross examination of a government witness. This witness, a member of the Gambling and Liquor Squad, Metropolitan Police Department, participated in the arrest of the principals in this case. Upon questioning in regard to the search of certain individuals arrested, the following transpired:

"Q. * * * Did you search the individuals, yourself?

"A. Some I did.

"Q. Do you now know how many you searched?

"A. I couldn't tell you how many of the 18 that was searched that day that I searched, but I remember one I did search: Yancey Peterson, who pled guilty to operating a lottery earlier in this case."

Defense counsel immediately requested a bench conference, whereupon the following colloquy took place:

"The Court: You asked the question.

"Defense Counsel: My question didn't call for that answer.

"The Court: I will instruct the jury on it. Do you want to move for a mistrial?

"Defense Counsel: Yes, sir.

"The Court: I will deny it and I will instruct the jury.

\* \* \* \* \* \*

"The Court: Ladies and gentlemen of the jury, the last answer of the Officer concerning Peterson will be stricken from the record and the jury is not to consider it in any way, shape or form. The jury is to put it completely from their minds. It has nothing whatever to do with this case. Would you [to counsel] like anything further?

"Defense Counsel: No, Your Honor."

Clearly, it was unfortunate that such a statement was made. The witness was an experienced police officer with approximately seven years' assignment with the Gambling and Liquor Squad and, presumably, was not inexperienced in testifying in cases of this nature. Certainly, he should have known better. We have, of course, no way of telling whether the statement objected to was a slip of the tongue or whether it was an intended and calculated expression. If the latter, it would be inexcusable.

However, we think that, in light of the overwhelming evidence of guilt in this case, any prejudice which may have remained despite the judge's admonition to the jury may be said to be harmless. Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278; Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101;[1] Hopt v. Utah, 1887, 120 U.S. 430, 7 S.Ct. 614, 30 L.Ed. 708, a capital case. That the jury was not blinded by the answer ob-

---

[1] In Hopt v. Utah, 120 U.S. at page 438, 7 S.Ct. at page 618, the Supreme Court used the following language: "[I]ndependently of this consideration, as to the admissibility of the evidence, if it was erroneously admitted, its subsequent withdrawal from the case, with the accompanying instruction, cured the error. It is true, in some instances, there may be such strong impressions made upon the minds of a jury by illegal and improper testimony, that its subsequent withdrawal will not remove the effect caused by its admission; and in that case the original objection may avail on appeal or writ of error. But such instances are exceptional. The trial of a case is not to be suspended, the jury discharged, a new one summoned, and the evidence retaken, when an error in the admission of testimony can be corrected by its withdrawal with proper instructions from the court to disregard it. We think the present case one of that kind. [Citing cases.]"

jected to is indicated by the fact that not all of the defendants were convicted.

We have examined the other contentions and find no error.

Affirmed.