Wendell McINTOSH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17073.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 21, 1962.

Decided Oct. 11, 1962.

Mr. John F. Mahoney, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Joseph A. Lowther, Asst. U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Messrs. Judah Best and Frank Q. Nebeker, Asst. U. S. Attys., also entered appearances for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This appeal from a narcotics conviction involves the trial court's refusal to declare a mistrial when a government witness referred to another person, who had questioned the defendant after his arrest, as "the parole officer". Though the witness did not say this person was the defendant's parole officer, the quoted phrase may have implied that he was, and thus may have implied that the defendant had previously been convicted of some offense. The prosecutor did not elicit the quoted phrase. The defendant did not testify.

In our opinion the court did not abuse its discretion in refusing to declare a mistrial. Cf. United States v. Giallo, 206 F.2d 207, 210 (2d Cir. 1953), affirmed, 346 U.S. 929, 74 S.Ct. 319, 98 L.Ed. 421 (1954). However that may be, the direct evidence against the defendant was so strong as to make it practically certain that the vague and indirect suggestion of some previous conviction had nothing to do with the defendant's conviction of the crime for which he was on trial. We should therefore affirm. Rule 52(a), F.R. Crim.P., 18 U.S.C.A.

Leigh v. United States, 113 U.S.App. D.C. ——, 308 F.2d 345, was quite different. There the trial court let the government introduce over objection, in a prosecution for forgery, a written statement of the defendant himself that he had been "Arrested for Checks, California, Nevada, New York." The court did not attempt to limit the jury's consideration of this very damaging statement to the purpose of supplying an acknowledged specimen of the defendant's handwriting, for which it was ostensibly introduced.

Affirmed.