Clyde L. HARDY, Appellant,

v.

UNITED STATES of America, Appellee.

Leroy FERGUSON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 18079, 18148.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 17, 1964.

Decided Aug. 20, 1964.

As Amended Oct. 28, 1964.

Petition for Rehearing En Banc Denied Dec. 18, 1964.

Certiorari Denied April 26, 1965. See 85 S.Ct. 1353.

Washington, Circuit Judge, dissented.

Bazelon, Chief Judge, dissented from denial of petition for rehearing en banc.

Messrs. Edward G. Howard and Carl V. Lyon (both appointed by this court), Washington, D. C., for appellants.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Gerald A. Messerman, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

These appeals, at government expense with court appointed counsel, are from convictions for violation of various narcotics statutes. Appellants contend (a) that they were denied a speedy trial after arrest (Hardy's arrest on March 19 and

Ferguson's on April 27, 1963; joint trial on August 19, 1963); (b) that this delay along with delay in arrest for eight months after the alleged offense (date of offense, August 27, 1962) deprived them of a fair trial in violation of due process of law; (c) that refusal of an instruction that evidence of an informant paid by police should be received with care and weighed with caution was reversible error. Appellant Hardy further contends that a government witness' reference to his (Hardy's) unrelated prior conviction was prejudicial error.

■ The government called one Harris as its witness; he testified that Hardy approached him and an undercover narcotics detective Moore with whom he was working; that appellant asked if they were "looking" for narcotics and offered to guide them to a source. A sale was then consummated with appellant's aid. Inadvertently, as appellant concedes, this witness, when asked if he had ever seen appellant before the alleged transaction, answered affirmatively, explaining "we had did [sic] time in the penitentiary together." The presiding Judge offered to give a corrective instruction to remedy this but appellant declined. Hardy's motion for mistrial because of this response was denied. We are unable to view the denial of mistrial in these circumstances as an abuse of discretion.

■ Conceivably in some circumstances the court, in assessing the nature of a delay before trial, might look to the aggregate time lapse from alleged act to trial date, but in the first instance each segment must be viewed separately; one is a due process problem, if cognizable at all, and the other is a "speedy trial" problem. We see nothing here which compelled the District Court, whether weighing both factors separately or together, to conclude that the indictment should be dismissed. The delay between alleged act and arrest was not oppressive and the delay between arrest and trial did not violate appellants' Sixth Amendment rights. Smith v. United States, 1964, 118 U.S.App.D.C. 38, 331 F.2d 784 (en banc); Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963).

■■ Finally, appellants urge that it was reversible error for the District Judge to decline to instruct the jury that testimony of a paid police informant with a criminal narcotics record should be received with care and considered with caution. First we note that the jury was fully advised of the informant's criminal record and drug addiction, and the jury was instructed that it was the sole judge of the credibility and weight to be given to each witnesses' testimony. Here the police informant's testimony was corroborated by other eyewitness testimony, and in these circumstances the refusal of the court to give a requested cautionary instruction is not reversible error. The trial judge is not an automaton mechanically required in all cases to give cautionary instructions such as those requested even though, as we have said, generally the trial court would be "well advised" to do so and would have been on sounder ground had it given the cautionary instruction here. Some discretion rests in the judge, however, and we cannot view his action in this case as an abuse of discretion warranting reversal. *Compare* Cratty v. United States, 82 U.S.App.D.C. 236, 242, 163 F.2d 844, 850 (1947), *with* Fletcher v. United States, 81 U.S.App. D.C. 306, 158 F.2d 321 (1946).

Affirmed.

WASHINGTON, Circuit Judge (dissenting): In the circumstances of this case, where the witnesses against the accused were a police officer and a paid police informant, both having an interest in obtaining a conviction, I think we are bound to apply the rule in Fletcher v. United States, 81 U.S.App.D.C. 306, 307, 158 F.2d 321, 322 (1946), where we said:

"The rule in this jurisdiction for a quarter of a century has been to require that a jury be warned in the case of evidence given by a detective engaged in the business of spying for hire. The duty is more impelling where, as here, there is not a jot or tittle of other evidence and the

criminal record of the witness is shown."

Here, the majority relies on the fact that the informant's testimony was corroborated by that of the police officer. But both were interested witnesses. Compare Kelly v. United States, 90 U.S. App.D.C. 125, 127, 194 F.2d 150, 152 (1952). I think the judge's failure to give the requested charge was reversible error.

I need not and do not reach the other questions raised in the case.

Before BAZELON, Chief Judge, and FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER, WRIGHT and McGOWAN, Circuit Judges, in Chambers.

### ORDER

PER CURIAM.

On consideration of apellants' petition for rehearing *en banc,* and of appellee's opposition thereto, it is

ORDERED by the Court *en banc* that appellants' aforesaid petition is denied.

BAZELON, Chief Judge (dissenting):

I would grant this petition for rehearing *en banc* for the following reasons:[1]

(1) This court upholds the trial court's refusal of petitioners' request for an instruction that the testimony of a paid police informer was to be considered with caution, especially where a criminal record was shown. As Judge WASHINGTON pointed out in his dissent to the court's opinion, this holding is in conflict with our long-settled rule that requires such an instruction when requested. The court's reliance on Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844 (1957), is misplaced. There the charge was not requested, and the only issue was whether in the circumstances of that case the omission constituted plain error.

(2) Petitioners' claim that they were denied a speedy trial is substantial. The Government waited eight months after the alleged crimes before seeking arrest, although it needed no further evidence of crime or identity. During this time petitioners, without notice of charges against them, had no reason to preserve their memory of the times or circumstances to which the charges relate. That prejudice resulted seems almost certain from the circumstances of the case. See my dissent to denial of rehearing *en banc* in Wilson v. United States, 118 U.S.App. D.C. 319, 321, 335 F.2d 982, 984 (1964).

(3) In any event, action on this petition should be withheld to await the disposition of pending cases in this court in which the issue of delay will be considered on augmented factual records.[2]

1. Petitioners also request the court to modify its characterization of their arguments on appeal
"(a) that they were denied a speedy trial after arrest (Hardy's arrest on March 19 and Ferguson's on April 27, 1963); joint trial on August 19, 1963;
"(b) that this delay along with delay in arrest for eight months after the alleged offense (date of offense, August 27, 1962) deprived them of a fair trial in violation of due process of law * * *."
Petitioners request that it read:
"(a) that they were denied a speedy trial by reason of the delay between the commission of the alleged offense on August 27, 1962 and the trial held on August 19, 1963;

"(b) that this delay deprived them of a fair trial in violation of due process of law * * *."
Although petitioners have accurately characterized the argument they made, I think the matter is not appropriate for *en banc* consideration.

2. Order of January 28. 1964, Ross v. United States, No. 17,877; Order of November 3, 1964, Jackson v. United States, No. 18,597; Order of November 10, 1964, Roy v. United States, No. 18,285; Order of November 19. 1964, Mackey v. United States, No. 18,525; Order of November 23, 1964, Godfrey v. United States, No. 18,442; Order of December 11, 1964, Woody v. United States, No. 17,965; Order of December 16, 1964, Johnson v. United States, No. 18,207.

WILBUR K. MILLER, Senior Circuit Judge, prior to his retirement on October 15, 1964, voted to deny the aforesaid petition.

FAHY, Circuit Judge, would grant appellants' petition.

WRIGHT, Circuit Judge, did not participate in the foregoing order.