**Charles L. SAUNDERS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 3978.**

District of Columbia Court of Appeals.

Argued Oct. 10, 1966.

Decided Dec. 9, 1966.

John A. Shorter, Jr., Washington, D. C., for appellant.

Edward T. Miller, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Theodore Wieseman, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant was convicted of assault in a jury trial and was sentenced to jail for 180 days. His appeal questions only the denial of his motion for a mistrial.

The alleged error occurred during the redirect examination of the complaining witness. Toward the end of her cross-examination she had stated that one Joseph Newman was not in the car at the time of the alleged assault. When she was asked again on redirect whether Newman

5. See Klein v. Rappaport, D.C.Mun.App., 90 A.2d 834 (1952).

was in the car that night, the following colloquy ensued:

"A. Well, I might as well tell you the truth. He was in that car.

"Q. He was?

"MR. SHORTER [Defendant's attorney]: But you just told——

"THE COURT: Just a minute——

"THE WITNESS: He was in the car——

"THE COURT: —Just a minute, Mr. Shorter.

"THE WITNESS: —He was in the car, but the only reason I didn't say nothing, he already had some kind of a 'rap.' My sisters told me about it— my half-sisters say he was already in some kind of trouble, but he sent—Mr. Saunders sent Joe Newman——

"MR. SHORTER: Your Honor,——

"THE WITNESS: —and Petey around the house to get me—to try to buy me off for $150."

A bench conference was immediately held during which defendant moved for a mistrial on the ground that the testimony concerning the attempted bribe was highly prejudicial. His motion was denied, and the trial judge stated:

"Ladies and gentlemen of the jury, you will disregard entirely the last statement made by the witness, and, Miss Witness, I want to caution you to listen to the questions asked by Counsel and answer the questions and do not volunteer any other information."

We note at the outset that prejudice resulting from an unresponsive statement of a witness is cured in most instances by striking the statement and instructing the jury to disregard it, and it is only when the statement's effect upon the jury is so prejudicial that it cannot be blotted out by instructions that a motion for a mistrial or a new trial should be granted. Medley v. United States, 81 U.S.App.D.C. 85, 87, 155 F.2d 857, 859, cert. denied, 328 U.S. 873, 66 S.Ct. 1377, 90 L.Ed. 1642 (1946); Penwell v. District of Columbia, D.C.Mun.App., 31 A.2d 891, 893 (1943). Accord, United States v. Simone, 205 F.2d 480 (2d Cir.1953); Cavness v. United States, 187 F.2d 719 (9th Cir.), cert. denied, 341 U.S. 951, 71 S.Ct 1019, 95 L.Ed. 1374 (1951). Thus in Yeldell v. United States, D.C.Mun.App., 153 A.2d 637 (1959), we stated that after an unresponsive and possibly prejudicial answer, the court should caution the witness and instruct the jury to disregard it, or in the alternative, grant a motion for a mistrial. Here, the trial judge, who was in a better position to know the statement's effect on the jury, followed an approved course of action and committed no error.

Even if error was committed, however, we are of the opinion that it was harmless under the test of Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). The evidence of guilt from the testimony of other witnesses was strong. The credibility of the complaining witness had been called into serious question immediately prior to her unresponsive answer because she had admitted lying. In addition, there appeared to be great confusion and several people talking at the time of her remark. The trial judge instructed the jury to disregard the statement and cautioned the witness. After reviewing the entire record, our "conviction is sure that the error did not influence the jury, or had but very slight effect." Kotteakos v. United States, supra. Accord, Matthews v. United States, 115 U.S.App.D.C. 339, 319 F.2d 740, cert. denied, 375 U.S. 943, 84 S.Ct. 351, 11 L. Ed.2d 274 (1963); McIntosh v. United States, 114 U.S.App.D.C. 1, 309 F.2d 222 (1962), cert. denied 373 U.S. 944, 83 S.Ct. 1557, 10 L.Ed.2d 700 (1963). We express no opinion as to whether the witness' statement could have been properly accepted as evidence.

Affirmed.