**UNITED STATES of America**

v.

**Gary L. ALSTON, Appellant.**

**No. 72–1894.**

United States Court of Appeals, District of Columbia Circuit.

July 13, 1973.

---

95. *See* text at pp. 1242–1245, and notes 10, 23, 39, 78 and 93.

Seymour M. Chase, Washington, D.C. (appointed by this Court), was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, James W. Diehm, and Peter K. Mair, Asst. U. S. Attys., were on the brief for appellee.

Before ROBINSON and WILKEY, Circuit Judges, and FRANK A. KAUFMAN,* United States District Judge for the District of Maryland.

PER CURIAM:

Appellant was tried and convicted by a jury of armed robbery (22 D.C.Code §§ 2901 and 3202), assault with intent to commit robbery while armed (22 D.C. Code §§ 501 and 3202), and assault with a dangerous weapon (22 D.C.Code § 502). Appellant contends that his conviction on all charges must be reversed because it was based upon identifications which were allegedly obtained by unconstitutional means.

*I. The Validity of the Identification*

Appellant was initially identified by the two witnesses from photographs shown them approximately four weeks after the offense. Ten photographs, alike in that they were all obviously arrest pictures, were submitted to the two identification witnesses privately. Both witnesses spontaneously picked out appellant as the robber. There is no allegation that these photographs were displayed in an improperly suggestive manner.

Appellant contends simply that the Sixth Amendment of the United States Constitution guarantees him the right to have counsel present at such an identification. This argument ignores the fact that the identification occurred *before* anyone (including appellant) was in custody or had been indicted. The Supreme Court has recently held that the critical time for triggering the Sixth Amendment right to counsel at identification is after indictment. *See* Kirby v. Illinois, 406 U.S. 682, 688, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). A panel of this court, in United States v. Kirby, 138 U. S.App.D.C. 340, 342, 427 F.2d 610, 612 (1970), explicitly held that there was no right to have counsel present at a photographic identification prior to arrest. This holding was reaffirmed by this court sitting *en banc* in its recent decision in United States v. Ash, 149 U.S. App.D.C. 1, 11, 461 F.2d 92, 102, cert. granted, 407 U.S. 909, 92 S.Ct. 2436, 32 L.Ed.2d 682 (1972). Most recently, the Supreme Court in its subsequent decision in *Ash* explicitly held that there was no right to counsel at a photographic identification either before or after arrest. United States v. Ash, 413 U.S. 300, at 321, 93 S.Ct. 2568 at 2579, 37 L.Ed.2d 619 (21 June 1973). In light of this overwhelming authority we hold that appellant had no constitutional right to counsel at his pre-arrest photographic identification.

Appellant urges that even if the court finds that he had no right to counsel, we should reverse because the evidence adduced at trial was such that a reasonable juror must have had a reasonable doubt about his guilt. This con-

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

## 1266

tention is based primarily upon the fact that one of the witnesses who testified at trial failed to identify appellant at a lineup. The record shows, however, that one of the witnesses did identify appellant. Both the affirmative identification and the error in identification were brought out before the jury. The jury was thus in a position to evaluate the accuracy and probative value of the witnesses' identification. There is no indication that the photographic identification or the lineup was improper or in any way tainted the in-court identification. There was sufficient evidence to permit the issue to reach the jury and there is no basis that we can find for disturbing their determination. ·

■ We hold that the identifications, which were the basis for appellant's conviction, were not improper. Appellant certainly has not shown clear error, ·which he must do since he made no objection to the identifications at the trial. *See* Fed.R.Crim.P. 52(b).

■■ In response to a question by the prosecution, a police officer testifying for the Government revealed that appellant had an arrest record.[1] Appellant did not object to this mention at the trial or raise it as a point of error on, appeal. Even though the issue was not raised, we feel obliged to express our disapproval of the gratuitous introduction of potentially prejudicial information. While the introduction in this case may have been inadvertent, the prosecution should always be careful to instruct and caution Government witnesses regarding the proper parameters of their testimony. In the context of this case, however, we do not believe that the mention of appellant's arrest record was reversible error. Hardy v. United States, 119 U.S.App.D.C. 364, 343 F.2d 233 (1964), cert. denied, 380 U.S. 984, 85 S.Ct. 1353, 14 L.Ed.2d 276 (1965); McIntosh v. United States, 114 U.S.App.D.C. 1, 309

F.2d 222, cert. denied, 373 U.S. 944, 83 S.Ct. 1557, 10 L.Ed.2d 700 (1962).

## II. Lesser Included Offense

■ Assault with a dangerous weapon is a lesser included offense of assault with intent to commit robbery while armed. United States v. Benn and Hunt, 155 U.S.App.D.C. 180, 476 F.2d 1127 (1 Dec. 1972); United States v. Wimbush, 154 U.S.App.D.C. 236, 475 F.2d 347 (11 Jan. 1973). We, therefore, vacate the conviction for assault with a dangerous weapon.

## III. Conclusion

We vacate appellant's conviction for assault with a dangerous weapon. The convictions on all other counts are

Affirmed.

1. Prosecutor: Would you please describe the photographs very briefly?

Witness: They were a group of photographs taken of *subjects who had been arrested* by the Metropolitan Police Department. Tr. at 36.