**Antonio K. GOINS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–CF–1510.**

District of Columbia Court of Appeals.

Argued Oct. 21, 1992.
Decided Dec. 8, 1992.

Douglas Wham, for appellant.

James S. Sweeney, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black, and Daniel M. Zachem, Asst. U.S. Attys. were on the brief, for appellee.

Before WAGNER and KING, Associate Judges, and MACK, Senior Judge.

WAGNER, Associate Judge:

On April 14, 1991 at about 6:00 p.m. Christian Wainwright and Donna Henderson were robbed at gun point while walking on 8th Street, S.E. In connection with these events, appellant, Antonio Goins, was convicted of two counts of armed robbery[1] and one count of possession of a firearm during commission of a crime of violence or dangerous crime.[2] Appellant's principal argument on appeal is that the trial court abused its discretion in denying his motion for mistrial after a police detective revealed in testimony that appellant had a prior criminal record. We conclude that the trial court did not err in denying appellant's motion for mistrial because the corrective measures taken by the court sufficiently ameliorated any prejudice and rendered the detective's improper comment harmless. Appellant also argues that the identification evidence was insufficient to support his conviction. We affirm.

I.

It was still daylight when Mr. Wainwright and Ms. Henderson were walking down 8th Street on the evening of the robberies and heard someone call out to them. Wainwright turned and saw a man about fifteen feet away, pointing a gun and demanding their money. Although the gunman warned the victims not to look at him, Wainwright, who is 6 feet, 8 inches tall, was able to see appellant's face while looking downward. After obtaining the money, the gunman ordered the victims to walk away from him, around the block, and they complied. As they turned the corner, Wainwright heard a car door close, and he ran into the street in time to see a mid–70's Dodge Charger with a red body, black top and D.C. license plate pulling off. There

had been no one else on the street. Several weeks later, on Memorial Day, Wainwright and Henderson spotted a car on Delaware Avenue which appeared to be the same Dodge Charger. Wainwright asked Ms. Henderson to write down the number of the license plate. Since their initial efforts to reach the detectives who were investigating the case were unsuccessful, they drove by the car once more. Appellant stipulated at trial that he owned the automobile which was parked on Delaware Avenue on Memorial Day.

After the police ascertained the identity of the owner of the vehicle, they showed Wainwright a photo array which included appellant's picture. Wainwright selected appellant's photograph from among eight to ten others. He stated that it looked "most like the person that did it." However, he requested to see the suspect in a lineup to make sure that he "accused the correct person." Both Wainwright and Henderson attended the lineup, and Wainwright recognized appellant as the robber "almost immediately." Ms. Henderson identified a different person. Ms. Henderson explained that she had gazed at the ground or focused on the gun during the robbery. However, she testified that she recognized appellant's car and corroborated how the robbery occurred.

Appellant did not testify. He presented an alibi defense through his sister, Pamela Goins, and former girlfriend, Lisa Spruill. Ms. Spruill testified that appellant was with her from 1:00 p.m. until 10:30 p.m. on the date of the robbery and that they attended a birthday picnic given by appellant's sister for her son from 6:00 until 8:00 p.m. According to appellant's sister, the picnic lasted from 3:00 to 8:30 p.m., and appellant was there all day. She also revealed that her cousin, Bobby Morgan, had picked up Lisa Spruill. Both Ms. Spruill and Ms. Goins testified that appellant drove a Dodge Charger which had a loud engine.

Detective Jeffrey Christy was the government's final witness. He testified that

1. D.C.Code § 22–2901—3202 (1989).

2. D.C.Code § 22–3204(b) (1989).

**958**

he traced the vehicle to appellant and that he displayed a photo array to Mr. Wainwright and Ms. Henderson. During direct examination, the detective blurted out unexpectedly that he ran the vehicle's tag number through the D.C. registration system, came up with the owner's name, "then checked to see if the owner had a criminal record. The owner, Antonio Goins, did." Defense counsel objected immediately, and a bench conference ensued. Defense counsel moved for a mistrial. The trial court suggested corrective measures, but appellant's counsel stated:

> If we can preserve the motion for the time being? If it is to be salvaged, the best thing is to go ahead and with an instruction like that.

> But, at this point I still feel that I have to ask for the mistrial. But, it's probably something I want to discuss with Mr. Goins.

The court agreed and proceeded with the measures suggested at the bench which were as follows:

> THE COURT: Did you mean, Detective, in response to the last answer that once you got the tag number and got the owner of the car with the name of the owner, that you were able to go to police files and get a photograph of Mr. Goins?

> THE WITNESS: Yes, sir.

> THE COURT: Is that what you meant to say? Let me explain something to the jury if I may before you are asked any further questions.

> Ladies and gentlemen, he has not gotten to it yet but you are about to hear I assume that he put together some photographs including a photograph of Mr. Goins. You are instructed as I am sure that you already understand that the police have many pictures of many people and have obtained these pictures from a variety of different ways including newspapers, school year books, employers, friends, members of a person's family and so forth.

> Therefore, simply because the police have a person's picture certainly does not mean that the person has ever committed a crime before or since.

> So, please understand that there is no connotation of guilt of any kind simply because the picture of Mr. Goins was in the possession of the police.

Appellant's mistrial motion was based upon the detective's reference to appellant's criminal record. The trial court reserved ruling on the motion but denied it prior to final jury instructions. In a further effort to reduce the potential prejudice from the remark, the government withdrew its request to have the photo array admitted into evidence, and the photographs were never shown to the jury. In final instructions, the trial court reiterated the standard instruction on photographs.

## II.

■ The government does not contest that the detective's comment about appellant's criminal record was improper. Rather, the government argues that any prejudice was minimized by the curative actions taken by the trial court and that any error was harmless. Whether to declare a mistrial is within the sound discretion of the trial court, and its decision in that regard will not be disturbed except "in extreme situations threatening a miscarriage of justice." *Beale v. United States,* 465 A.2d 796, 799 (D.C.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984); *Bliss v. United States,* 445 A.2d 625, 634 (D.C.1982), *modified on other grounds,* 452 A.2d 172 (D.C.1982), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 756, 74 L.Ed.2d 972 (1983). "This court will not overturn the trial court's decision unless it appears unreasonable, irrational or unfair, or unless the situation is so extreme that failure to reverse would result in a miscarriage of justice." *Lee v. United States,* 562 A.2d 1202, 1204 (D.C.1989) (citations omitted). Whenever possible, the court should seek to avoid a mistrial by appropriate corrective action which will minimize potential prejudice. *Douglas v. United States,* 488 A.2d 121, 132–133 (D.C.1985); *see also Beale,* 465 A.2d at 799.

■ The trial court took exceptional steps to minimize the prejudice to appellant

engendered by the detective's improper remarks. First, the trial court consulted with counsel before fashioning a remedy. *See Wesley v. United States*, 547 A.2d 1022, 1029 (D.C.1988). It carefully posed the next question to the detective, making it implicit that the detective's comment was an inadvertent misstatement. The trial court followed this immediately with a cautionary instruction on the use and various sources of photographs obtained by the police. The instruction was consistent with the standard instruction given in other situations where photographs or mugshots are offered in evidence.[3] The instruction indicates the variety of ways that photographs may be obtained by the police and instructs the jury that there is no connotation of guilt simply because the police have such photographs. The trial court properly deferred ruling on the motion for mistrial until the trial progressed to the point where the court could better evaluate the effect of its corrective measures in the context of the overall trial. The trial court is in a unique position to assess the impact of inadmissible evidence, and this court therefore gives "considerable deference" to its evaluation. *Hinkel v. United States*, 544 A.2d 283, 286 (D.C.1988); *see also Sweet v. United States*, 438 A.2d 447, 453 (D.C.1981).

Although the potential for prejudice is great when it is disclosed that a defendant has a criminal record, often the prejudice can be cured by adequate corrective measures. Reversal is not required in every situation. Thus, it has been held that denial of a mistrial motion was not an abuse of discretion where a corrective instruction was offered but declined when a witness inadvertently indicated that he had spent time in the penitentiary with the defendant. *Hardy v. United States*, 119 U.S.App.D.C. 364, 365, 343 F.2d 233, 234 (1964), *cert. denied*, 380 U.S. 984, 85 S.Ct. 1353, 14 L.Ed.2d 276 (1965). Similarly, the Seventh Circuit found no abuse of discretion in denial of a mistrial motion where a witness indirectly referred to the defendant's prior incarceration. *United States v. Dorn*, 561 F.2d 1252, 1257 (7th Cir.1977). The *Dorn* court was persuaded that reversal was not

required because the statement complained of was made inadvertently and was an isolated incident in the early stages of a week long trial. *Id.*

Similarly, this court has held that denial of a mistrial motion was not an abuse of discretion where a police officer in testimony made a passing reference to the criminal record of a defendant's alibi witness. *Beale, supra*, 465 A.2d at 799. In so holding, this court was convinced by the fact that the comment was a fleeting one in a lengthy trial, which did not serve to rebut the appellant's alibi defense, and that the impact could have been cured by a cautionary instruction which the defense declined. *Id.* Appellant seeks to distinguish this case on the basis of the length of his trial which spanned only two days. He also observes correctly that the improper comment occurred during the direct examination of the government's last witness. However, the remark and corrective measures must be viewed in the context of the entire proceeding.

The remark was followed by an exceptionally well-crafted curative action, including a question to the witness by the court and an answer which conveyed the impression that the detective had misspoken. The court followed up with essentially the standard instruction on photographs which explained the sources of such photographs, and admonished the jury not to draw any inference of guilt from them. Cross-examination of the witness by defense counsel followed as well as the presentation of appellant's four witnesses. Two of the last witnesses appeared the following day. The length of the trial cannot be viewed in isolation. Since the comment was a passing reference on the day before completion of trial, which was promptly and effectively addressed, and which was further cured in final instruction, we cannot say that the trial court abused its considerable discretion in denying a mistrial. *See Beale, supra*, 465 A.2d at 799; *Hardy, supra*, 119 U.S.App.D.C. at 365, 343 F.2d at 234; *McIntosh v. United States*, 114 U.S.App. D.C. 1, 309 F.2d 222 (1962); *see also Driver v. United States*, 441 F.2d 276, 277 (5th

---

**3.** *See* Criminal Jury Instructions of the District    of Columbia, No. 1.10 (3d ed. 1978).

Cir.1971) (instruction to jury to disregard implication of prior criminal activity sufficient to avoid mistrial).[4]

■ Moreover, the government argues persuasively that any error in this case was harmless. In determining whether the error was harmless, we consider whether it can be said "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Bliss, supra,* 445 A.2d at 634 (quoting *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)); *Bennett v. United States,* 597 A.2d 24, 27 (D.C.1991). Consideration must be given to the gravity of the error, the centrality of the issue, the steps taken to mitigate the effects of the error, and the closeness of the case. *Bliss,* 445 A.2d at 634; *Bennett,* 597 A.2d at 27. While the detective's comment was improper, it was isolated and quickly addressed with effective curative measures. The central issues in this case were identification and alibi. We do not regard the single reference to appellant's unspecified criminal record to be central to those issues. Although the comment was made with reference to the owner of the vehicle on Delaware Avenue, appellant stipulated that he owned the vehicle. Moreover, the evidence of appellant's guilt in this case was substantial. *See Hinkel v. United States,* 544 A.2d 283 (D.C.1988). Considering all the pertinent factors, we conclude that the prejudice, if any, from denial of the motion was harmless.

### IV.

■ Finally, appellant argues that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. We disagree. Claims of insufficiency of the evidence must be viewed in the light most favorable to the government giving it the benefit of all reasonable inferences. *Shelton v. United States,* 505 A.2d 767, 769 (D.C.1986). Reversal is warranted only if "there is no evidence upon which a reasonable mind could fairly conclude guilt beyond a reasonable doubt." *Id.* We cannot conclude that the evidence was insufficient for a reasonable person to find the identification evidence convincing beyond a reasonable doubt. *See Beatty v. United States,* 544 A.2d 699 (D.C.1988). The complaining witness, Wainwright, had a good opportunity to observe the assailant in the daylight; he was positive of his identification; and he identified appellant more than once. *See Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Wilkerson v. United States,* 427 A.2d 923, 927 (D.C.1981), *cert. denied,* 454 U.S. 852, 102 S.Ct. 295, 70 L.Ed.2d 143 (1981); *Dyas v. United States,* 376 A.2d 827, 830 (D.C.1977), *cert. denied,* 434 U.S. 973, 98 S.Ct. 529, 54 L.Ed.2d 464 (1977). Other circumstantial evidence tended to support the identification of appellant as the perpetrator of the crime. There was the identification of appellant's somewhat distinctive car by both witnesses at a second sighting. Under the circumstances, we find the evidence more than adequate to support the conviction.

Accordingly, the judgment appealed from is hereby

*Affirmed.*

---

4. *Cf. United States v. Sands,* 899 F.2d 912 (10th Cir.1990) (mistrial motion improperly denied where reference made to appellant's prior imprisonment and: (1) motion for mistrial made timely; (2) trial court indicated that the impact was significant and cure might be impossible; (3) government's conduct bordered on negligence; (4) intent was significant issue and evidence of it was not overwhelming).