65 F.3d 962
 314 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Benjamin E. SMITH, Appellant.
 No. 94-3170.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 21, 1995.
 
 Before: SILBERMAN, GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's convictions be affirmed. The district court acted within its broad discretion to limit cross-examination of a government witness. See Davis v. Alaska, 415 U.S. 308, 316 (1974); Delaware v. Van Arsdall, 475 U.S. 673, 679 (1985); United States v. Gambler, 662 F.2d 834, 839 (D.C.Cir.1981). The district court did not abuse its discretion in refusing to grant a mistrial following an isolated, inadvertent statement that all other co-defendants had pled guilty. See United States v. Tarantino, 846 F.2d 1384, 1413-14 (D.C.Cir.), cert. denied, 488 U.S. 840 (1988); McIntosh v. United States, 309 F.2d 222 (D.C.Cir.1962), cert. denied, 373 U.S. 944 (1963). The cautionary instruction proffered by the defense following the statement was improper, and there was no plain error by the district court in not issuing a cautionary instruction sua sponte. See United States v. Johnson, 802 F.2d 1459, 1465-67 (D.C.Cir.1986); Tarantino, 846 F.2d at 1405. Because the government's case against Smith was strong, this court cannot say that the verdict would have been different had an instruction been given. See United States v. Eccleston, 961 F.2d 955, 959 (D.C.Cir.1992). Nor has appellant shown that failure to issue an instruction was a miscarriage of justice. See United States v. Olano, 113 S.Ct. 1770, 1779, (1993).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.