**Rayfield WILSON, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 94–CF–163.**

District of Columbia Court of Appeals.

Argued March 5, 1997.

Decided April 3, 1997.

---

Appeal from the Superior Court of the District of Columbia (Hon. Curtis E. von Kann, Trial Judge).[1]

Mark J. Rochon, Washington, DC, for appellant.

Colleen Covell, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher and Thomas J. Tourish, Jr., Assistant United States Attorneys, were on the brief, for appellee.

Before KING and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant Rayfield Wilson, Jr. was charged with one count each of assault with intent to kill while armed, in violation of D.C.Code §§ 22–501, –3202 (1996 Repl.); possession of a firearm during a crime of violence, in violation of D.C.Code § 22–3204(b); carrying a pistol without a license, in violation of D.C.Code § 22–3204(a); and two counts of first degree murder while armed (premeditated), in violation of D.C.Code §§ 22–2401, –3202. He was convicted of second degree murder while armed of Anthony Ellis; the voluntary manslaughter death of Willie Ellis while armed; possession of a firearm during a crime of violence; and carrying a pistol without a license.[2] He filed a timely appeal, challenging the trial court's rulings that (1) allowed the government to impeach him with a prior conviction; and (2) denied his motion for a mistrial after a government witness inadvertently made reference to his prior incarceration. We affirm.

## I.

Prior to Wilson's jury trial, the trial court ruled that if he testified, the government could impeach his testimony with evidence of his prior conviction for murder. Wilson contended that the impeaching party should not specify a prior conviction of murder, but should be limited to impeaching him with a "serious felony," in order to avoid misuse of the prior conviction evidence. Misuse would occur, Wilson argued, because the jury would regard his prior conviction for murder as indicative of bad character and propensity to commit the crime charged.

■ The government, citing *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), argues that Wilson failed to preserve the impeachment issue because he did not testify during his trial.[3] The

---

1. Judge von Kann retired from the D.C. Superior Court effective October 1, 1995.

2. Wilson was sentenced to consecutive terms of fifteen years to life for second degree murder and thirteen years to life for voluntary manslaughter; and concurrent terms of five to fifteen years for possession of a firearm and forty to one hundred and twenty months for carrying a pistol without a license.

3. In *Butler v. United States*, 688 A.2d 381 (D.C. 1996), we applied *Luce* principles in a case where the defendant did not testify, but where the trial court's *in limine* ruling did "not represent the trial court's complete and final decision

government further argues that the plain language of D.C.Code § 14–305 (1995 Repl.), leaves no discretion to the trial court, and mandates that, upon request, the government be permitted to use a witness's exact prior conviction for impeachment purposes.

■ We have not previously held explicitly whether § 14–305 leaves the trial judge discretion to prohibit the government's use of an exact prior conviction in favor of less specific language, such as the term "serious felony" requested by Wilson. We now hold that D.C.Code § 14–305 mandates that the government be allowed to specify a specific prior conviction in impeaching a witness.

D.C.Code § 14–305(b)(1) provides in pertinent part:

Except as provided in paragraph (2), for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered, either upon the cross-examination of the witness or by evidence aliunde, but only if the criminal offense (A) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (B) involved dishonesty or false statement (regardless of punishment).

Section 14–305(b)(1) specifically mandates the use of certain convictions to impeach a defendant; the provision uses the word "shall" not "may." This mandatory change occurred in 1970. Prior to that time, the statute provided in pertinent part, "[t]he fact of conviction *may be given in evidence* to affect his credibility as a witness, either upon cross-examination of the witness or by evidence aliunde." (Emphasis added). D.C.Code § 14–305 (1967). *See also Dorman v. United States*, 491 A.2d 455, 466 (D.C.1985) (en banc) (Nebeker, J., dissenting).

In *Hill v. United States*, 434 A.2d 422, 429 (D.C.1981), we said, "the Congress has left no doubt that in this jurisdiction, our policy is that when a defendant takes the stand the court must permit the prosecution to attack his or her credibility by introducing recent prior convictions for felonies...." In addition, in *Jones v. United States*, 516 A.2d 513, 519 (D.C.1986), we rejected appellant's contention that the trial court should have instructed the government not to specify that a prior conviction for unlawful possession of a prohibited weapon involved a gun. There we said, "[i]n light of the clear statutory language authorizing the use of prior convictions for impeachment purposes, ... and the trial judge's broad authority to control the scope of cross-examination, we find no abuse of discretion in the court's ruling." *Id.*[4] Finally, in *Langley v. United States*, in discussing another issue, we said in passing, "under § 14–305 the trial court has no discretion to preclude the use of prior convictions for impeachment, including reference to the nature of the crimes ... even though in a particular case the prejudicial impact on the party they are used against may outweigh the probative value to the party who elicits them." 515 A.2d 729, 735 (D.C.1986) (referencing *Dorman, supra*, 491 A.2d at 458).[5] In short, the

---

regarding the use of prior arrests to impeach [the] defendant ..." and where "the trial court cannot reasonably rule on the *in limine* motion on the basis of the proffered testimony." 688 A.2d at 388. Wilson's case is different because the trial court made a definitive ruling that if Wilson testified, the government could impeach him with his specific prior conviction. Under *Butler*, where a challenged pretrial ruling turns solely upon a legal consideration on which the trial court has made a final ruling, and the testimony of the defendant is not essential to preserve the purely legal issue for appellate review, it is ripe for consideration by this court.

4. Our use of the term "abuse of discretion" in *Jones* was directed not toward the substance of § 14–305, but to the broad authority of the trial court with respect to cross-examination issues.

5. Wilson also cites *Old Chief v. United States*, —— U.S. ——, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). There, Old Chief was charged with crimes, including assault with a dangerous weapon, using a firearm in relation to a crime of violence, and a violation of 18 U.S.C. § 922(g)(1) (1994), which "makes it unlawful for anyone 'who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year' to 'possess in or affecting commerce, any firearm....'" *Id.* at ——, 117 S.Ct. at 647. His prior conviction was assault causing serious bodily injury. He argued that the identification of his specific prior offense would constitute unfair prejudice. Thus, the issue in *Old Chief* was "whether a district court abuses its discretion if it spurns ... [a defendant's] offer [to concede the fact of a prior conviction] and admits the full record of a prior judgment, when the name or

trial court did not err in its interpretation of D.C.Code § 14–305(b)(1), and did not abuse its discretion in allowing Wilson to be impeached with a prior murder conviction.

## II.

 Second, Wilson maintains that the trial court erred in denying his motion for a mistrial when a government witness inadvertently referenced his prior incarceration. "A decision whether to declare a mistrial is committed to the sound discretion of the trial court." *Smith v. United States,* 665 A.2d 962, 966 (D.C.1995). We have said previously that "a reference to a defendant's prior ... imprisonment does not necessarily require a mistrial." *Clark v. United States,* 639 A.2d 76, 79 (D.C.1993). *See also Goins v. United States,* 617 A.2d 956, 959 (D.C. 1992). Here, given (1) Wilson's failure to accept a "curative instruction" offered by the trial court, (2) the inadvertence of the reference to Wilson's prior incarceration, (3) the brief and nonspecific nature of the witness's statement regarding the prior incarceration, and (4) the strength of the government's case (three eyewitnesses saw Wilson kill the Ellis brothers), we see no reason to disturb the trial court's ruling. *Clark, supra,* 639 A.2d at 80.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*

---

nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." —— U.S. at ——, 117 S.Ct. at 647. *Old Chief* is not controlling here because Wilson's prior conviction for murder did not constitute an element of any of the charges related to his appeal, and because it is not an impeachment case.